# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND EUGENE BOYKIN,<br><br>    Petitioner,<br><br>    v.<br><br>RICK HILL,<br><br>    Respondent. | Case No. CV 21-9937 JLS (E)<br><br>**ORDER OF DISMISSAL** |

Petitioner filed a "Petition under 28 U.S.C. 2254 for Writ of Habeas Corpus By a Person in State Custody" on December 22, 2021. The Petition seeks to challenge a 2000 Los Angeles Superior Court criminal judgment. Petitioner previously challenged this same Superior Court judgment in a prior habeas corpus petition filed in this Court. See Boykins[1] v. Runnels, CV 03-4384-VAP (JTL). On September 23, 2004, this Court entered judgment in Boykins v. Runnels, CV 03-4384-VAP (JTL), dismissing the prior petition on the merits with prejudice.

---

[1] Although the spelling of Petitioner's last name in the earlier case is slightly different, the prisoner identification number (T-35823) is the same.

     The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under§ 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244 (b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals.[2] Consequently, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157; see also Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the petition and should dismiss it.") (citation omitted).

---

[2] The Court takes judicial notice of the Ninth Circuit's docket, available on the PACER database at www.pacer.gov. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). On April 25, 2006, the Ninth Circuit denied Petitioner's request for authorization to file a second or successive petition.

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 10, 2022

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

PRESENTED THIS 28th day of December, 2021, by:

/s/ Charles F. Eick
_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE